# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD T. LUCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV228 HEA |
| | ) | |
| JEFFERSON COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $4, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will order the Clerk to issue process on defendant Unknown Adams.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action against the Jefferson County Jail, Officer Unknown Adams, and Unknown Nursing Staff. Plaintiff was transferred to the Jail on October 11, 2016. He has high blood pressure and is fitted with a colostomy bag. Upon arrival at the Jail, he asked Adams to see a nurse. Adams said he would see someone later that night. However, plaintiff was not given any medical treatment during the four days he was at the Jail.

Plaintiff asked Adams if he could dress and go to the housing unit where all the other inmates were. Adams told him that he could not because he was black and all the other inmates were white. Adams made plaintiff stay in the booking area. For this reason, plaintiff was unable to shower for four days, and he had to sleep on the floor. His colostomy bag leaked, but the staff did not help him or provide him with materials to clean it.

**Discussion**

The complaint states a plausible claim for relief against Adams. So, the Court will direct the Clerk to serve process on him.

Plaintiff's claim against the Jail is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose

name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, it does not appear that plaintiff has made sufficiently clear allegations against the nursing staff to identify them during discovery. As a result, the Court will dismiss these John/Jane Doe defendants without prejudice. However, if plaintiff does learn their identities during discovery, he may file a motion for leave to amend his complaint re-alleging his claims against them.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $4 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendant Unknown Adams, First Shift Officer.

**IT IS FURTHER ORDERED** that defendants Jefferson County Jail and Unknown Nursing Staff are **DISMISSED** without prejudice.

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

An Order of Partial Dismissal will be filed separately.

Dated this 23rd day of January, 2017

                                             HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE